WOODALL, Justice
(dissenting).
I respectfully dissent from the decision affirming the judgment of the Court of Civil Appeals and thereby allowing that *526 court to issue a judgment instructing the trial court to award some amount of attorney fees and costs under the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala.Code 1975. My dissent is based, in substantial part, upon the factors discussed by Justice Murdock in his well reasoned dissent. However, I have also been persuaded by other factors.
Loma Alta Property Owners Association, Inc. (“LAPOA”), began this case in the Baldwin District Court, where Carol Mahoney admitted that she owed “some money” to LAPOA. LAPOA prevailed in that court, obtaining a judgment against Mahoney for $5,390, plus court costs and an attorney fee. Mahoney appealed to the Baldwin Circuit Court, where, after a trial de novo, LAPOA again prevailed, obtaining a judgment against Mahoney for $6,279.10, plus an attorney fee. Although that judgment was reversed on appeal by the Court of Civil Appeals, which held that LAPOA had failed to prove its claims, LAPOA’s earlier successes in the lower courts convince me that its action is not the type of action targeted for sanctions by the Alabama Litigation Accountability Act.
I agree with the Court of Civil Appeals that “LAPOA’s claims against Ms. Maho-ney ... hinged upon its proving that [she] was the owner of the property[, and that] LAPOA ... failed to prove that [she] was the owner.” Mahoney v. Loma Alta Prop. Owners Ass’n, 52 So.3d 510, 517 (Ala.Civ. App.2009). However, I cannot agree that such a failure of proof rendered LAPOA’s action groundless in law. Aso, given the history of the litigation, the dealings between the parties before the litigation, and the deference that must be afforded to the trial court’s decision, I cannot conclude that the trial court erred in determining that LAPOA’S action was not frivolous, groundless in fact, vexatious, or interposed for any improper purpose.